# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE TIFFANY LUCAS,

    Debtor,

TIFFANY LUCAS,

    Plaintiff,

v.

NORTH AMERICAN TITLE LOANS, LLC,

    Defendant.

Bankruptcy Case Number
23-80959-CRJ-13

Adversary Proceeding No.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Tiffany Lucas ("Lucas"), makes the following allegations in her complaint against the Defendant, North American Title Loans, LLC ("NATL").

## PARTIES

1. Lucas is the debtor in the above-referenced Chapter 13 bankruptcy case commenced on May 25, 2023.

2. NATL is a corporation organized and existing under the laws of the state of Georgia. At all times material to this complaint, NATL regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Lucas did business with NATL within this district and division, and it is these business transactions that give rise to this litigation.

## JURISDICTION

3. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Lucas's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Lucas and the Defendant. Consequently, this is a core proceeding, and this court has

jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

## BACKGROUND FACTS AND NATURE OF ACTION

4. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with her petition a list of creditors with their names and addresses. Contained in that list was NATL.

5. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 13 bankruptcy filing and §341 meeting of creditors to NATL via first class mail through the Bankruptcy Noticing Center on May 27, 2023. [Bankr. Doc. 10].

6. Additionally, the Bankruptcy Noticing Center sent notice of the debtor's Chapter 13 plan via first class mail to NATL on May 27, 2023. [Bankr. Doc. 11].

7. As a result of NATL being included in the list of creditors filed by the debtor with her petition and the Clerk's sending of notice of her bankruptcy filing to NATL, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Lucas's bankruptcy case.

8. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Lucas's bankruptcy case gave rise to the automatic stay which, among other things, prohibits NATL from attempting to collect from Lucas any pre-petition obligation owed by Lucas to NATL.

9. The Plaintiff asserts that despite having both notice and actual knowledge of the commencement of Lucas's bankruptcy case, NATL placed multiple calls, left multiple voicemail messages, and sent multiple text messages to Lucas in an attempt to collect a prepetition debt owed by Lucas to NATL in violation of 11 U.S.C. §362(a)(6).

10. Lucas brings this action to recover the actual damages she has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover compensatory and punitive damages from the defendant for those violations under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).

provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages."[2] In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

## CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY

11. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case and having both notice and actual knowledge of the commencement of the Debtor's bankruptcy case, NATL placed multiple calls, left multiple voicemail messages, and sent multiple text messages to Lucas. The Plaintiff asserts that the Defendant's actions constituted multiple attempts to collect a pre-petition obligation owed by Lucas to NATL in violation of 11 U.S.C. §362(a)(6).

12. NATL placed phone calls to the debtor on 5/30/23, 5/31/23, 6/2/23, 6/5/23, 6/7/23, 6/12/23, 6/15/23, and 6/21/23. All of the calls were placed to the debtor while she was at work, so she did not answer the calls. However, NATL left voicemail messages on 6/5/23, 6/12/23, 6/15/23, and 6/21/23. Most of the messages stated: "This message is for Tiffany Lucas from North American Title. Please give us a call." (See Exhibit 1 – NATL Calls & Voicemail Messages). The Plaintiff asserts that the phone calls and voicemail messages from NATL constituted multiple attempts to collect a prepetition debt owed by Lucas to NATL in violation of 11 U.S.C. §362(a)(6).

13. NATL sent text messages to the debtor on 6/5/23, 6/6/23, and 6/7/23. In a clear demand for payment, each text message stated: "N American Ttl Lns: Your account is late. Please text us the date you will pay current or call us at 614-456-1145." (See Exhibit 2 – NATL Text Messages). The Plaintiff asserts that the text messages from NATL constituted multiple attempts to collect a prepetition debt owed by Lucas to NATL in violation of 11 U.S.C. §362(a)(6).

14. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

15. Lucas has sustained injury and damage as a result of the defendant's violations of the automatic stay. Under 11 U.S.C. §362(k)(1), Lucas is entitled to an award of compensatory

---

[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

damages, including costs and attorney's fees, and punitive damages against NATL for its willful and intentional violations of the automatic stay. The quantum of post-petition collection activity, after receiving several notices of Lucas's bankruptcy, indicates that NATL does not have proper policies and procedures to avoid violating the automatic stay.

**WHEREFORE**, Lucas asks this Court to enter an order:

(A) Awarding Lucas compensatory damages against NATL including the reasonable attorney's fees and costs incurred by Lucas in the preparation and prosecution of this adversary proceeding;

(B) Awarding Lucas punitive damages against NATL for its willful and intentional violations of the automatic stay, such damages being intended to instill in NATL and other creditors due respect for this court and its orders and to deter them from taking similar action against Lucas and similarly situated debtors in the future;

(C) Voiding the debt owed to NATL by Lucas; and

(D) Granting Lucas any additional or different relief this court deems appropriate.

Dated: 6/21/2023                                  Respectfully submitted,

/s/ *John C. Larsen*_____
John C. Larsen
Michael A. Wilkins
Counsel for the debtor/plaintiff,
Tiffany Lucas

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com